DOTY
v.
BATES.

DOTY *against* BATES AND HANDY.

A note made by one partner, in which he says, " *I promise to pay*," &c. but subscribes the partnership name, " *A. B. & Co.*" is binding on the firm, and not on the partner alone, who executed it.

A note made by one partner in the name of the firm, will be intended to have been made in the course of partnership dealings; and that it was given for the individual debt of one of the partners, is matter of defence, which must be proved by the party taking advantage of it.

THIS was an action of *assumpsit* upon three promissory notes, made by the defendants, who carried on the business of tanning, currying, and shoemaking, under the firm of *Samuel Handy & Co.* payable to the plaintiff, and was tried at the *Ontario* circuit, in 1814.

The declaration averred the defendants to have been partners in the business of tanning, &c. and that the said *Samuel Handy*, for himself and the defendant *Bates*, made and signed, by the name and description of *Samuel Handy & Co.* a certain note in writing, and thereby, for himself and his said partner, for value received, promised to pay the said plaintiff, &c. In all the notes, the promise was stated in the first person singular, " *I promise* to pay*," &c. but they were subscribed with the name of the firm, " *Samuel Handy & Co.*" and were proved to have been signed by *Handy*, who was the acting partner in the business of the firm.

The defendant's counsel, at the trial, objected to the notes being read in evidence, because, on the face of them, they purported to have been made by *Handy*, in his individual capacity; which being overruled, he moved for a nonsuit, on the ground that the plaintiff having averred a special and limited partnership, he was bound to prove that the notes were given in the course of the partnership business: but the judge refused the nonsuit.

The defendant produced a witness to prove that one of the notes had been given for money lent by the plaintiff to *Handy*, but the witness knew nothing of the loan, except from the conversation of the parties, in which conversation nothing was said respecting the partnership, and the plaintiff had never dealt in any article appertaining to the business of the partnership : but the witness was busy at the time of the conversation, and did not pay particular attention to it, and was in a different part of the room. The defendant proved that there was no entry in the books of the firm of any transaction with the plaintiff: and it was stated by a witness, who had been in the employ of the firm, and was in a situation to know the fact, that

he did not believe that the firm had received any consideration
from the plaintiff. The witness stated, that in one instance
*Handy* purchased beef without the knowledge of *Bates*, who
disapproved of it as soon as he heard it ; and that, in the sum-
mer of 1813, about the time when the notes were given, the
defendants were very much in want of money.

The plaintiff produced a witness, who testified that he, the wit-
ness, had sold two yoke of oxen to *Handy* on the copartnership
account, and took a note from *Handy* in the name of the firm ;
which note was paid, part by *Handy*, and the residue by *Bates :*
but *Bates*, at the time of paying his part, told the witness that
he had taken one yoke of the cattle from *Handy*, for himself,
for which he was willing to pay, but for no more.

*Handy* absconded before the suit was commenced, and *Bates*
alone was arrested. The plaintiff had not given any notice to
*Bates* of the existence of the notes, before the commencement
of the action.

The jury found a verdict for the plaintiff, for the amount of
the notes, with interest. The defendants moved to set aside the
verdict on the ground of misdirection, and that it was contrary
to evidence.

*I. Hamilton*, for the defendants. There was a special
and limited partnership between the defendants, and that fact
was known to the plaintiff. The note begins in the singular
number, and is signed by one, though with the name of the
firm. The legal presumption, however, is, that it was given for
the individual debt of the partner who made the note. It is
true, that in *Marsh* v. *Ward*,* where a note began in the same
manner, but was signed by two persons, the court held it to be
a joint and several note ; but that decision is not applicable to
a case of partnership.

* *Peake's N.P.
Cases*, 130.

Where a bill is drawn on two joint traders, and is ac-
cepted by one of them, it binds both, if it concerns the joint
trade, but not otherwise.† The defendants have shown, *prima
facie*, and as far as they could, that the money never was ap-
plied to, nor came to the use of the partnership.

† 1 *Salk.* 125. &
*Ld. Raym.*176.
1484.

*H. Bleecker*, contra. If the position of the defendants'
counsel, that because this was a limited partnership, the plaintiff

is bound to show that the note was given for a copartnership concern, or that the money came to the use of the copartner-ship, is the law, then this burden of proof would lie upon the plaintiff in every action against a partnership; for there is no part-nership, however general, but what has some limitation. No part-nership concerns all sorts of business. The rule is, that where a note is signed with the partnership name or firm, the law in-tends it was given for the use of the partnership. The plaintiff need only prove a partnership, and the making of the note, in order to support his declaration; and it lies on the defendant to show that it was, in fact, given for the private purpose of one of the partners, and not for the copartnership business.

All inference arising from the note being in the singu-lar number, is repelled by the fact that it is signed with the name of the firm. In all the cases in which it has been held that the partnership was not liable, some knowledge of the cre-ditor of its being for the use of the individual partner, or some circumstance of fraud, has been shown by the defendants. Unless that is done, the note, given in the name of the *firm*, is, *prima facie*, binding on the partnership.*

* 4 *Johns. Rep.*
251. 271. 272.
2 *Esp. N. P.
Cases*, 525.  7
*East*, 210.  13
*East*, 175.

PLATT, J. delivered the opinion of the court. The only points in this case are, 1. Whether the declaration set forth the notes according to their legal import and effect.

2. Whether, under such a partnership, it was incumbent on the plaintiff to prove the particular consideration of the notes.

I think the law is clearly against the defendants, on both points.

1. A note made by *Handy*, wherein he says "I promise," &c. and signs the copartnership name, means, *I, one of the part-ners, promise, on behalf of the firm*, &c.

2. The partnership being admitted, the presumption of law is, that a note made by one partner in the name of the firm, was given in the regular course of partnership dealings, until the contrary is shown on the part of the defendants.

There is no question as to the rule, "that if a person takes a partnership security from one of the partners, for what is known, at the time, to be a particular debt of the partner who gives such security, the partnership is not holden;" (*Livingston* v. *Hastie*, 2 *Caines' Rep.* 246. *Lansing* v. *Gaine and Ten Eyck*,

2 *Johns. Rep.* 300. *Livingston* v. *Roosevelt,* 4 *Johns. Rep.* 251.) NEW YORK,
But this is matter of defence, and must be proved by the party October. 1814.
who wishes to take advantage of it. The motion for a new trial RUNYAN
must be denied.