Parker, C. J.,
delivered the opinion of the Court. The judgment of confiscation is conclusive against the demandants; and the commonwealth became seised, without the execution of the habere facias possessionem, as was settled in the case of M’Neil vs. Bright & Al. (3) The ground taken by the counsel for the demandants, that the statute which provides for the confiscation of the estates of absentees did not operate upon the estate in question, because Gibbs Atkins did not remain out of the United States during the whole war, cannot be supported. For the obvious meaning of the statute is, that, to be subject to its penalties, the person informed against shall remain without at the time the process is instituted, or perhaps when judgment is rendered. Atkins, however, did remain without, until after the peace; that is, until after the provisional articles were signed; and he had no great merit in remaining with the enemy until all danger was over, giving them aid and encouragement, and then returning to secure his property.
There is no provision, in the treaty of peace, which affects his case. It provides that there shall be no future confiscations; this was complete before the treaty. The injunction upon Congress, to recommend to the states a restitution upon payment of the purchase money, is of no avail, as the government of the commonwealth passed no act pursuant to such recommendation.
The demandants take nothing by their motion to set aside the nonsuit.

 4 Mass. Rep. 282.