ORLEANS,
*August*,
1839.

FORBES & FREEMAN *v.* DANIEL DAVISON.

The statute of 1836, organizing the county of Lamoille, required only such actions to be removed there from other counties, as it was apparent of record would have been there commenced, had there been such county. Every personal privilege must be seasonably asserted or it is waived.

The showing that persons conduct business as copartners, is *prima facie* evidence of such copartnership, either as between the copartners or as to third persons, and no written articles are required to be shown until they are proved to exist.

In criminal as well as in civil proceedings, the rule of *prima facie* evidence obtains, and whether admissible testimony, which tends to sustain a fact, is sufficient, is always a question to the jury.

A man may be guilty of fraud in the sale of *his own property*, to defraud the creditors of a copartnership, of which he is a member.

If a conveyance be made to defraud a creditor, the right to sue for the penalty, under the statute, immediately accrues, and a subsequent collection or assignment of the debt, does not divest the right.

The defendant, in such suit, cannot be permitted to prove that the plaintiff did not direct the commencement of the suit.

A conveyance, made to defraud *all* creditors, is made to defraud *each* creditor, and entitles either one to sue for the penalty.

If it be shown that a man took a conveyance to defraud the creditors of the grantor, and pretended publicly to pay for it with money of his own, which, in fact, the grantor had privately furnished him for that purpose, an action for the penalty has accrued, without proving that he afterwards *justified* the same.

The first section of the statute of limitations does not apply to an action for the penalty for a fraudulent conveyance

THIS was a *qui tam* action, brought by the plaintiffs to recover the penalty of the statute against fraudulent and deceitful conveyances.

Plea, not guilty.

The plaintiffs, prior to the commencement of this suit, were partners, doing business at Boston, Mass., and, in their declaration, alleged, that on the 2d day of May, 1832, Daniel Davison jr. and Edmund C. Hovey, both of Craftsbury, in the county of Orleans, were partners in trade, doing business under the firm of Davison & Hovey, and were indebted to the plaintiffs in the sum of $1595,25, as specified in four promissory notes in said declaration mentioned; that on the fifth day of November, 1832, the said Daniel Davison jr. was seized and possessed of a tract of land lying in said

Craftsbury, (describing it,) of the value of one thousand dollars, and that on the same 5th of November, 1832, for a feigned and pretended consideration, with intent to defraud the plaintiffs, he, the said Daniel jr., by his deed of that date, duly executed, &c., conveyed the same land to the defendant, with intent to avoid the debts and demands aforesaid, due to the plaintiffs from the said Daniel jr. and the said Hovey, and that the defendant was privy thereto, and with intent to defraud the plaintiffs of their said debt, received said deed from the said Daniel jr. without paying a *bona fide* consideration therefor, &c., contrary to the statute, &c.

ORLEANS,<br>*August*,<br>1839.

Forbes &<br>Freeman<br>*v.*<br>Davison.

It appeared from the writ, that at the time of the commencement of this action, the plaintiff, Forbes, resided in Brooklyn, N. Y., and the plaintiff, Freeman, in Boston, Mass., and that the defendant resided in Craftsbury, in the county of Orleans.

The suit was entered at the December term of the county court, 1834, and, at the December term of that court, 1836, the defendant moved the court to dismiss the suit, alleging that before the first day of December, 1836, the defendant became a resident and an inhabitant of Johnson, a town formerly in the county of Franklin, and then being a part of the new county of Lamoille, and that the plaintiffs resided out of the state. It was admitted that the defendant re moved from Craftsbury to Johnson in the spring or summer of 1836.

The county court overruled the motion, and the defendant excepted.

The cause was afterwards tried, upon the merits, by a jury, at the December term of the county court, 1838, and in the course of the trial the plaintiffs called Isaac Hovey as a witness, to prove the partnership of Davison & Hovey, at the time of their alleged dealings with the plaintiffs. The witness testified, that previous to any of the transactions involved in this suit, a mercantile firm was established at Craftsbury, by written articles of partnership, consisting of himself, Daniel Davison jr. and Edmund C. Hovey, by the name of Hovey Davison & Hovey, and that after said firm had carried on business a short time, and before any of the transactions now in question, the witness sold out his interest in the concern to said Daniel Jr. & Edmund C., who, without any new

ORLEANS,
August,
1839.

Forbes &
Freeman
v.
Davison.

articles in writing, to his knowledge, "continued the business there, by the name of Davison & Hovey. The defendant objected to this parol testimony, insisting that said articles of partnership should be produced. But the objection was overruled by the court.

For the purpose of proving the partnership between the plaintiffs, during the period of their alleged transactions with Davison & Hovey, the plaintiff called one Charles Forbes as a witness, and offered to prove, by him, that he was acquainted with the plaintiffs, that they did business at Boston, as wholesale merchants, from the year 1829 until some time in 1833 or 1834; that they kept up the sign of Forbes & Freeman upon the store where they did business; that he traded with them, and they gave their bills in the name of Forbes & Freeman. To this evidence the defendant objected, insisting that articles of partnership should be produced, or evidence given, tending to show that none were ever executed, in which case some direct evidence should be required to prove a contract of the partnership; but as it was not made to appear that articles of partnership had ever existed, the court overruled the objection, and the witness testified to the facts aforesaid, and also to the residence of the plaintiffs, as alleged in the declaration.

The plaintiffs introduced testimony tending to prove that the defendant, upon receiving the aforesaid deed from Daniel Davison jr. remarked, in presence of the magistrate who drew the deed and took the acknowledgment, that he supposed he might now pay for the property, and thereupon delivered to Daniel jr. eight hundred dollars in money, being the amount of the consideration mentioned in the deed; that the money so paid was not the money of the defendant, but belonged to the said Daniel Jr., or to him and his partner, Edmund C. Hovey, and had shortly before been put into the defendant's hands, to be re-delivered to said Daniel jr. as an ostensible payment for the land conveyed.

Testimony was introduced, tending to show that the plaintiffs had made a general assignment of their notes and effects for the benefit of their creditors, but whether such assignment was made before or after the commencement of this suit, did not appear.

The defendant offered in evidence the deposition of Asher

ORLEANS,
*August,*
1839

Forbes &
Freeman
*v.*
Davison.

Robbins, to prove that the plaintiff, Freeman, in May, 1838, in conversation with said Robbins, admitted that he had no knowledge of the commencement of this suit until the fall of 1837, that the suit was commenced without the plaintiffs' directions; that the plaintiffs made two assignments of their demands in May, 1833, and that they had no interest in this suit. The plaintiffs objected to the admission of the deposition, and, it being admitted by the defendant that he should not offer evidence of any admission by the other plaintiff, the deposition was rejected.

Evidence having been given to support the remaining charges and averments in the declaration, the defendant contended and requested the court to charge the jury, that the production of the notes described in the declaration in favor of the plaintiff against Davison & Hovey, with proof that the name of Davison & Hovey, thereto subscribed, was in the hand writing of one of said firm, was not sufficient evidence of indebtedness for the purposes of this action. But the court charged, that such production and proof was *prima facie* evidence of the indebtedness, unless the notes, on inspection, should create a reasonable suspicion of their having been antedated.

The court were further requested to charge, that if the jury should find that the notes had been assigned by the plaintiffs, their right to the penalty in question was thereby defeated, and it did not pass to the assignee, and, moreover, that in such case, the right of recovery was barred by the statute of limitations.

The court did not charge in reference to this request.

It was further insisted by the defendant, that proof of an intention to defraud the creditors of Davison & Hovey, generally, was not enough for the present purpose; that the purpose to defraud must appear to have referred to the plaintiffs in particular; but the court refused so to charge.

The jury were instructed, that, if they should find said payment to have been made with the money of said Daniel jr., or of him and his partner, and that the defendant intended to induce said magistrate to believe that it was an actual payment, with the defendant's own funds, they should regard the transaction as evidence of a justification of said conveyance by the defendant, within the meaning of the stat-

Forbes &
Freeman
*v.*
Davison.

ute. The jury returned a verdict for the plaintiffs, and the defendant excepted.

*Cooper & Redfield,* for defendant.

The 4th section of the act passed November 24, 1836, organizing the county of Lamoille, provides that certain actions shall be removed to the county of Lamoille, "where the defendant shall reside in the county of Lamoille," and the plaintiff out of this state. This seems to place the jurisdiction of the action in the same situation that it would have been in, provided the action had been commenced after the first day of December, 1836.

It cannot be successfully contended, that the defendant, in this case, was subject to the jurisdiction of the county court in this county and in Lamoille, also, at the same time. Stat. p. 72. Most clearly, the county court in Lamoille county had jurisdiction, not only by the 48th section of the judiciary act, but also by the statute of 1836.

The court will exercise no discretion nor favor to the plaintiffs in this action, as they are entitled to none. *Barbe, qui tam,* v. *Smith,* 1 Burr. 402. *Janes, qui tam,* v. *Hutton,* 1 W. Bl. 290. 8 Vt. R. 29.

Courts are always unwilling to extend the fair and plain intelligible reading of the statute to a vague, uncertain, indefinite spirit or meaning. *Tyler* v. *Whitney,* 8 Vt. R. 29. The statute of 1836 is definite in its terms and expressions, and so is the 48th section of the judiciary act.

The court erred in admitting parol evivence of the contract of partnership between Isaac Hovey, Daniel Davison jr. and Edmund C. Hovey, also of the transfer of Isaac Hovey's interest to Daniel Davison jr. and Edmund C. Hovey. Parol evidence of the contents of a written instrument cannot be received until the loss of the instrument is proved or some other legal excuse is offered for its non-production. 1 Swift's Dig. 770. 2 Day. 328. 1 Starkie's Ev. 318, 436, 6. Ed. 2 Starkie's Ev. 6 Ed. 544. 3 Ed. vol. 3 p. 999. Roscoe's Ev. 8.

The best evidence in the power of the party should surely be produced, and the written instruments are within the plaintiffs' power. 1 Starkie's Ev. 6 Ed. 436–7–8. 1 Gilbert's Ev. 4 and 5.

Isaac Hovey, the witness, was jointly interested and liable

ORLEANS,
August,
1839.

Forbes &.
Freeman
v.
Davison.

with Davison & Hovey to these plaintiffs for their demands, and that the articles of partnership and assignment would show the fact. The only means of ascertaining is by the production of the written instruments themselves, and, if the fact exists as the defendant contends, the action fails. *Paris, qui tam* v. *Burwood*, 5 Esp. C. 33. *Everett* v. *Tindall*, 96. Leach.:617. 3 Starkie's Ev. 3 Ed p. 1123, Id. notes p. & q; *Philips, qui tam* v. *Mendez*, 1 Esp. C. 59.

The degree and character of evidence required in prosecutions of this sort is the same as is required in criminal prosecutions. 1 Burrow, 402. 1 Swift's Dig. 586–7. 2 Hawk. 392. 3 Vt. R. 266. 6 Vt. R. 405.

The court below erred in permitting parol evidence to go to the jury to prove the fact of the plaintiffs' partnership, because it amounted to nothing more than hearsay evidence, which should not be received. 1 Starkie's Ev. 3 Ed. 41, 44, 46, 47.

Partners, who sue as plaintiffs, are held to make stricter proof than is required when they are made defendants. 2 Starkie's Ev. Ed. 6585, note k. and authorities there cited.

- The rule requiring the parties to produce the best evidence within their power, where the parties have alleged their own partnership, would excluce reputation, and all evidence inferior in degree to a witness who was present, and could declare upon the stand what the contract was, so that the court could determine whether the plaintiffs were partners or not. 1 Gilbert's Ev. 4, 5. 1 Stark. Ev. 6 Ed. 436–7–8. 5 Eng. Com. L. R. 147.

The indebtedness of Davison & Hovey must be proved as alleged. It is not sufficient to show the notes, merely, for they do not prove the fact as to this defendant. The notes are only *prima facie* evidence of an indebtedness, as against Davison & Hovey, the signers, but afford no evidence as against this defendant, as he is neither party nor privy thereto. These notes may be void for want of consideration, or gambling, or usurious contracts, or given for an illegal act or thing which would make them void.

The mere fact of the existence of the notes affords no evidence of the indebtedness as alleged in the declaration; at all events, it is not such evidence as should be left to the jury

ORLEANS.
*August*,
1830.

Forbes &
Freeman
*v.*
Davison.

to infer the fact beyond a doubt.   2 Starkie's Ev. 6 Ed. 182.
*Pocock* v. *Billings*, 2 Bing. 269.   9 Com. L. R. 409.   *Carter* v. *Palmer*, 12 Mod. 380.   Burr. 1525.   *Clark* v. *Martin*, Ld. Raym. 758.

Davison & Hovey could have been called by the plaintiffs to prove their indebtedness to the plaintiffs. When it lies directly in the power of the party to 'make out a fact clearly and unequivocally, and he fails to produce the evidence, the presumption is, that if it were produced, it would be against him.   So in the present case, the plaintiffs' withholding the evidence within their reach to prove these notes *bona fide*, and of value, by the testimony of Davison & Hovey, affords a legal presumption against the indebtedness as alleged.   6 Ed. 1. Starkie's Ev. 436–7–8.   1 Gilbert's Ev. 4 and 5.   2 Russell on Crimes, 619, and authorities cited.

We also contend, that the indebtedness from Davison & Hovey to the plaintiffs must have existed at the time the action was brought, otherwise, the action is extinct.

Suppose that after the fraudulent conveyance and before action brought, Davison & Hovey had paid all that the plaintiffs had against them, can it be pretended that the plaintiffs could recover the penalty ?   Certainly not.

Assignment is the setting over or transferring the interest a man hath in any thing to another.   1 Jacobs' Law Dictionary, 139.   The assignor parts with all his interest, and has none remaining, nor any liability.   He cannot compromise, control or discharge the claim.   1 Swift's Dig. 133 § 7; 1 Chip. R. 346.   2 Aik. 373.   1 Vt. R. 168.

The evidence must show that the conveyance was made with an intent to defraud these particular creditors.— Stat. p. 266.

Some act, besides taking the deed, must be proved to constitute the offence, because the statute contemplates and requires some other act to be done by the party taking the deed, before the offence is committed, upon which the penalty accrues.

That portion of the statute, which declares the conveyance void, must, we are aware, have a liberal construction, but the latter clause, giving the penalty, must be strictly construed ; because the first clause operates upon the offence, and the

latter clause upon the offender. Plowd. 17. 3 Inst. 381. 1 Swift's Dig. p. 12. *Brooks* v. *Clayes & Morse,* 10 Vt. R. 50.

ORLEANS,
*August,*
1839.

Forbes &
Freeman
*v.*
Davison.

The court were requested to instruct the jury, that, if they found that the demands due Forbes & Freeman from Davison & Hovey were assigned by Forbes & Freeman before action brought, the action could not be sustained, provided they also found that the action was prosecuted for the benefit of the assignees. The provisions of the statute are for the party aggrieved, i. e. him, whose right, debt or duty is sought to be avoided, and his *only.* He and he *only,* therefore, can support the action. The idea that the assignee of the debts could support the action is forbidden by the words as well as the spirit of the act. Stat. p. 266.

This action would not even survive to the executor, administrator or heirs of the party aggrieved.

The assignment of the debt could give the assignee no better right than the representative of the assignor would have, and such representative could not sue for the penalty, because it is not given to him by the statute, and he cannot sue at common law. Carthew's R. 361. Cro. Eliz. 766. Com. Dig. title Adm'r. B. 15. 2 H. B. R. 311. 1 Chit. Pl. 13.

The decision of the county court, rejecting the deposition of Robbins, was clearly wrong in any point of view. The admissions of a party are always competent evidence against himself. 2 Starkie's Ev. 6 Ed. 22. 6 T. R. 633. 14 Com. Law R. 490. 1 Swift's Dig. 761. 10 Johnson, 66. Roscoe's Ev. 28.

The court rejected this deposition, as the exceptions say, because the defendant was not prepared to prove similar declarations by Forbes. The legality or competency of the delarations of one of two partners never can depend upon the fact whether the other partner has made similar declarations or not. Therefore, whether the party can prove such declarations of the other partner, or not, is immaterial as to the competency of the evidence. The declarations of one partner bind the partnership. *Kemble* v. *Ferren,* 14 Com. L. R.490, also reported in 19 Com. L. R. 34. 2 Starkie's Ev. 6 Ed. 22, 23, 25. *Whitcomb* v. *Whiting,* 2 Douglas, 652. *Jackson* v. *Fairbanks,* 2 H. Bl. 340. Peake's Cas. 203. 1 Starkie's Ev. 82. 2

ORLEANS,
*August,*
1839.

Forbes &.
Freeman
*v.*
Davison.

Eng. C. L. R. 305. 10 Johns. 66, 216. 4 Com. 500. 2 Pick. 581. 4 Pick. 38. 2 Com. L. R. 338. Peake's Cases 16. 2 Com. L. R. 480. 15 Com. L. R. 256. 2 Selw. N. P. 320. 2 Starkie's Ev. 6 Ed. 587–8. 1 Swift's Dig. 761–2. 13 Petersdorff, 117. 1 Saund. Pl. and Ev. 60.

We further contend that the statute of limitations had run upon this penalty before action brought, and that the defendant has a right to take advantage of that under the general issue. Bal. on Lim. p. 208. 1 Swift's Dig. 304. 1 Selw. 518, note, 126. B. N. P. 105. Ld. Raym. 78. 1 Tidd's Pr. 14. 13 Petersd. Ab. 196. Note to *Colliford* v. *Blanford*, Carthew's R. 232. *Hubbell* v. *Gale*, 3 Vt. R. 266.

The only question for the court to pass upon, in this action, is, whether there is any limitation at all to actions upon this statute. If there is any limitation, the question would be, what is the limitation ? If there is none the court ought to make one. The statute of 1797, sect. 1, p. 288, has not limited this action, in words ; but the action must be treated as coming within its provisions.

If, indeed, there is any express or implied limitation of this right of action by statute, what ought the court to do ? Ought they not refer to the common and statute laws of England, as adopted by our statute, and see if they find no general limitation, which should obtain, to bar the plaintiffs' right of recovery at some time ? There must be some limitation. Story's Con. of Laws, 483. 1 Selw. N. P. 518, 19. 1 Tidd's Pra. 14, 15. Petersd. Ab, 196.

*E. Paddock and A. Aikens*, for plaintiffs.

I. The motion, in this case, to dismiss, was inadvisedly made. Davison, at the commencement of this suit, was residing in Orleans county, and, if final judgment is rendered against him, the execution must set him up of Craftsbury, the place of his former residence.

It is evident, that this is a case which could not have been contemplated by the legislature, as coming within the statute, for, by its strict phraseology, every defendant in the state, the plaintiff living without, might have changed the venue by removing into Lamoille county, before the 1st day of December, 1836, for the statute is prospective, "shall reside within the county of Lamoille," and this defendant has had no other

object in view by his removal, and, failing in it, he removed back again to Craftsbury, where he now resides.

This statute, like every other, is to have a reasonable construction given it, and it would be unreasonable to suffer the defendant to change the venue of an action, by changing his domicil expressly for that purpose. It is more reasonable to suppose the legislature intended, and for the court to construe the statute, as applying to those defendants only, who had their residence in Lamoille county, at the time when the suits pending were commenced.

II. We think the witness, Isaac Hovey, properly admitted. It is not to be presumed that he had the articles of partnership of Hovey, Davison & Hovey in his possession, after withdrawing from the firm, nor is it to be supposed that the plaintiffs could have access to them. Were it material for the plaintiff to produce them, it would be Davison's interest to withhold them.

III. To shew the existence of a firm by one who has done business with such company, or individuals known to be of the firm, is all which has been heretofore required to establish the identity of such firm, even in criminal proceedings. A general knowledge of the bills and location of a bank has been held sufficient to establish its identity and location.

IV. The deposition of Asher Robbins was properly rejected. It was irrelevant whether Freeman knew of the pendency of the suit or not, and can have no effect upon the assignee's right to prosecute.

V. It is the first time we ever heard it contended that a promissory note, unattended with suspicious circumstances, was not *prima facie* evidence of the indebtedness of the maker.

VI. The assignment, in this case, was not a parting with the interest in the demands. It was not what we understand by *indorsing over*, but, in strictness, the appointment of a trustee, and the placing the demands in his hands as a friend, and directing the proceeds thereof to be applied equally among the creditors of the assignee in payment of his liabilities.

VII. The jury found that the money paid for the deed was the property of Daniel Davison jr. or Davison & Hovey; that the defendant meant to represent to the witnesses around

ORLEANS,
*August,*
1839

Forbes &
Freeman
*v.*
Davison.

ORLEANS,
August,
1839.

Forbes &
Freeman
v.
Davison.

him, that the money was his own, though it had shortly before been placed in his hands by Daniel, jr. for the purpose to which the defendant applied it. The request to the court was an absurdity, for a purpose or intent to defraud the creditors of Davison & Hovey, in general, was an attempt to defraud Forbes & Freeman in particular. But all this is going beyond the statute, which requires, to fix the penalty, that the conveyance be made or had to avoid any right, debt or duty of others, and this known to the grantor. See *Edgell* v. *Lowel*, 5 Vt. R. 405.

The opinion of the court was delivered by

COLLAMER, J.—The statute of 1836, organizing the new county of Lamoille, like all other statutes, is to be construed by a view of the whole statute, and a comparison of all its provisions. Construed in this manner, it amounts to this ; that all actions, pending in other counties, were, by the clerks, to be removed to the new county, where, by the records, it was apparent that the actions would have been commenced in the county of Lamoille, had it existed when the action was commenced. In this case, the plaintiffs resided without the state when the action was commenced, and the defendant resided in the present county of Orleans. The clerk had no means of knowing that he had removed into the county of Lamoille, and, governing, himself by the record, he did right in retaining the suit in this county. If this were otherwise, it was as much the duty of the defendant as the plaintiffs to remove the cause to the new county; and the defendant alone had the means of knowing of his removal. If it was his personal privilege to have the cause tried in Lamoille, he should have asserted this privilege, seasonably, at the first term in that county. Having permitted that term to pass, he has waived his privilege, and cannot now insist that he has thereby worked a discontinuance of the action. The motion to dismiss, was, therefore, rightly overruled.

The doctrine of *prima facie* proof obtains as much in criminal as in civil actions. The plaintiffs alleged that they were copartners. They proved that they conducted business publicly as copartners. This was *prima facie* evidence that they were such, as well between themselves as to third persons ; and they could not be compelled to produce written

ORLEANS,
August,
1839.

Forbes &
Freeman
v
Davison.

articles of copartnership, until such articles were proved to have existed. This was equally true as to the articles be-tween Davison & Hovey. As to the articles between Ho-vey Davison & Hovey, they were of no consequence, as they ended when one of the partners retired. The plaintiffs al-leged that Hovey & Davison were indebted to them in cer-tain notes. They produced the notes and showed their ex-ecution. This was agreeable to their allegation, and was clearly admissible. It tended to prove the indebtedness at the date of the notes, and was, *prima facie*, sufficient for that purpose. It was not *conclusive*, but was admissible, and, whether sufficient or satisfactory to the fact of indebt-edness, was entirely a question for the jury.

The defendant insists that the conveyance, by Daniel Davison jr., of his own property, and not the property of the copartnership, was inadmissible. Each member of a co-partnership is debtor to the creditors of the firm, and his own property is liable, even in the first instance, for the debts of the partnership. A fraud may be committed in the conveyance of his property, to avoid such debts, as much as to avoid any other debt he owes. Such was this declara-tion, and the proof was agreeable thereto.

Was the deposition of Robbins rightly rejected? It ten-ded to show two things. First, that the plaintiffs had as-signed their debts, mentioned in the declaration. If a con-veyance is had to defraud a creditor, the right to an action for the penalty, mentioned in the statute, immediately ac-crues. The recovery of the penalty does not pay the debt, nor does the collection or payment of the debt cancel the penalty. Though the debt be but one hundred dollars, the creditor may recover the penalty, being the amount of the property fraudulently conveyed, even though it amounted to as many thousands. He may levy his debt on the property fraudu-lently conveyed, and also collect his whole debt, and still re-cover the penalty. The conveyance may have rendered the debtor so entirely insolvent that the creditor may sell his debt at great discount, yet this would constitute a poor rea-son why he should not recover the penalty, for the very act which had produced his necessities. In short, the sale or as-signment of the plaintiffs' debt, after the fraudulent convey-ance, whether before or after the commencement of this ac-

ORLEANS,
*August*,
1839.

Forbes &
Freeman
*v.*
Davison.

tion, was of no consequence. The other fact which the deposition of Robbins tended to prove, was, that the plaintiffs did not direct the commencement of this action. That is a point which can never be put in issue in any cause. It constitutes no defence. When a plaintiff knows of an action in his name, and will not discontinue nor release it, he ratifies it, and it is of no importance that he did not order it. He will be subject to cost if judgment is against him, and is entitled to the judgment, if in his favor. The deposition was, therefore, rightly rejected.

An intent to defraud must be shown, but, obviously, the effect is the same, whether the intent was to defraud all creditors, including the plaintiff, or to defraud him alone. It cannot be permitted, that a conveyance may be had to defraud all a man's creditors, and yet, that neither of them can have an action. The effect is the same to the defendant, whether sued by all, jointly, (even if such a thing could be done,) or by one alone, as but one penalty can be collected.

The defendant insists that no recovery should have been had against him, without proof that he, *after* taking this fraudulent conveyance, justified the same. The clear intent and meaning are quite obvious, from the words of the statute. If any man shall execute or receive any conveyance, with intent, at the time, thereby to defraud the creditors of the grantor, he has incurred the penalty in the statute. He does, by the very act, justify the same. But, a conveyance may be *made* with such intent, and the grantee not, at the time, be informed of it. In such case, he does not incur the penalty, until, after being fully informed, he shall still insist on justifying the same, or shall himself make a conveyance thereof. In this case, the defendant took the conveyance knowing its object, and pretended to pay for it with his own money, which money belonged to the grantor, and was secretly furnished to the defendant for the occasion. This was justifying a conveyance which the defendant knew to be fraudulent, and he then incurred the penalty.

The only remaining question relates to the statute of limitations. The first section of the statute of 1797 extends to *qui tam* popular actions, for penalties, and limits them to one year. The declaratory statute of 1808 provides that this section "shall not be so construed as to extend to any case

where the remedy for the forfeiture on any penal statute is or shall be given to the person injured, or to him and the treasurer." In this case, the penalty is, by the statute, given to the party aggrieved and to the treasurer. The defendant's counsel, however, insist that the court should by some ingenious legal device, some oblique or indirect method, bring the case within this first section or its *spirit*. We feel no inclination to trifle with the clear intent of the legislature, as expressed in the act of 1808, or to render that act nugatory, as the defendant contends. There is a great difference in deciding, where there is no statute, and in holding what a statute expressly forbids. Whether the general statute of limitations for actions on the case, extends to this species of action, is immaterial, as six years had not elapsed.