## Jones v. Rives.

1. The expurgatory oath required by statute [Aikin's Digest, 283, § 127] to be taken by the defendant before the plaintiff, can be required to prove the execution of a written instrument, it being the foundation of the suit, only revives the common law, so far as to affect the particular case, and does not impose on the plaintiff the necessity of proving his case more fully than required by the common law.

2. Where a note is executed by one partner during the existence of the firm, its effect, *prima facie*, is to bind all the members, and this *prima facie* intendment is not done away by a plea that the note was executed by one of the partners for his sole and individual debt. The onus of proof of the consideration of a promissory note, cannot be thrown on the plaintiff by any mode of pleading.

Writ of error to the Circuit Court of Greene county.
Action of assumpsit on a promissory note.

THE declaration alleges that the defendant and one Calvin Jones, being merchants and partners in trade, under the name and firm of C. Jones & Co., made their promissory note, &c.

The defendant pleaded,

1. *Non assumpsit.*

2. That he never made the note sued on, nor ever author-

ised any one to make it for him, and that the same is not his promissory note.

3. The same as the second, with the additional averment, that the note sued on was made by Jones for his own private and personal debt, and the same was not made for any debt or demand, or upon any contract existing or contracted by the firm of C. Jones & Co.

4. Similar to the third, except the consideration of the note is averred to have been money loaned to Jones on his private and personal account, which was well known to plaintiff.

The two first pleas, conclude to the country; and the two last, with a verification; and all were verified by the oath of the defendant. Issues were joined without any replications, and tried by a jury who found for the defendant, on which verdict, judgment was rendered.

A bill of exceptions was signed at the instance of the plaintiff, which discloses that a witness was shewn the note described in the declaration, and signed C. Jones & Co.; the witness stated that he was acquainted with the parties; that the defendant and one Calvin Jones, were merchants and partners in trade during the year 1836, (in which year the note was dated) under the name of C. Jones & Co.; that during some part of that year the plaintiff acted as a clerk in the store of C. Jones & Co., but for what time the witness did not know; that he saw the plaintiff in the spring of that year, lend the defendant one hundred dollars; that he had seen Jones write, and the signature of C. Jones & Co. to the note, was in his hand writing; that he did not know what the no e was given for. Thereupon, the plaintiff offered to read the note to the jury as evidence, under the issues joined. The Circuit Court held that the plaintiff under the issues, was bound to prove that the note was given for a consideration connected with the business of the firm, and that the note could not be read in evidence until such evidence was given. The note was excluded from the jury, and the plaintiff excepted.

He now prosecutes this writ of error, and assigns that the Circuit Court erred in excluding the note from the jury under the evidence given.

JONES for the plaintiff in error, cited Chitty on Bills, 29, 30; 2 Starkie on Ev. 228, 229; Ridley v. Taylor, 13 East. 175;

Manning v. Norwood, 1 Ala. Rep. 429; Gow on Part. 61; Doty v. Bates, 11 John. 544. And insisted that the evidence was not only proper, but was conclusive until rebutted. In excluding the note, the Court assumed the province of the jury, and in effect, determined the case on the weight of the evidence.

CLARK, Contra.

GOLDTHWAITE, J.—1. It is very probable that the Circuit Court excluded the note from the jury, under the impression that the plaintiff was required, under the issues submitted, to shew the precise nature of the consideration for which the note was given. We apprehend it to be perfectly clear, that a defendant cannot, by any mode of pleading, compel the plaintiff to such a course. Certainly a promissory note imports a consideration as much as a sealed instrument; and where its consideration is denied, it rests with the defendant to shew affirmatively that it has none.

It is not perceived that the case of a note executed by partners, can be governed by any other rules than those which apply to one executed by an individual. In neither case does the expurgatory oath required by the statute to be taken by the defendant, impose on the plaintiff the necessity of proving his case in a more ample manner than the common law required. Indeed, the expurgatory oath has no other effect than to revive the common law so far as the particular case is concerned. Aikin's Digest, 283, § 127.

By the common law, one partner has the authority to bind his co-partner in relation to matters of the co-partnership.— Each partner is the general agent of the other, and any act or admission made by one during the continuance of the partnership, will bind the other; or at least, such is the *prima facie* effect of the act or admission. Gow on Partnership, 235; Odiorne v. Maxey, 15 Mass. 44.

2. It is on this principle, undoubtedly, that it has so frequently been held, that a note or bill executed by one of a firm, is *prima facie*, sufficient to charge any other member of it. A bill or note is nothing more than a written admission of a debt, and when signed by one of a firm, it will bind all the members,

unless it is shewn to have been given for a consideration not binding on those who seek to be discharged. Ridley v. Taylor, 13 East. 175; Doty v. Bates, 11 John. 544; Chitty v. Bills, 45 Gow on Part. 61; 2 Starkie's Ev. 228; Vallett v. Parker, 6 Wend. 615; Swan v. Steele, 7 East, 210. In this case the parties have proceeded without any special replication; we must therefore, consider the replication as denying generally, the truth of the matter alleged in the plea, of which a very material portion is new and affirmative facts. The plaintiff alleges the execution by the defendant of the note sued on; this is denied by all the pleas, and thus in effect, they are pleas of the general issue merely. If, however, the new matter set out, changes their character into that of special pleas, then the affirmative facts must be established by the defendant.

The judgment of the Circuit Court is reversed, and the case remanded.