———•:o.•———

## McMullan *et al. v.* Mackenzie.

The existence of a partnership is a question of fact to be determined by the jury, who are alone authorized to decide upon the weight and sufficiency of the testimony adduced to establish the fact.

The fact that the defendants conducted a smithing business together, is *prima facie* evidence of a co-partnership.

Where a note is given in the name of a firm, it is presumptive evidence that it was given for a consideration furnished to the co-partnership, and the *onus probandi* lies upon the party, seeking to avoid the note, to show that it was given for some other purpose.

### *Error to Clayton District Court.*

*Opinion by* Greene, J. This action was commenced in assumpsit by Donald Mackenzie against Patten McMullan and Glendower M. Price, on promissory notes executed by Patten McMullan & Co. Verdict and judgment against the defendants in the courts below for the sum of ten hundred and twenty two dollars and fifty cents.

We are informed by the bill of exceptions, that on the trial of the cause the plaintiff proved by two witnesses, that the defendants had carried on a smithing business together, and by one witness, that both of the defendants acknowledged prior to date of note, that they were doing that bu-

siness together. No other proof of partnership having been adduced, the defendants requested the court to instruct the jury that the evidence was insufficient. But the court refused to give the instruction, and thereupon charged the jury that the fact that they had done a smelting business together was *prima facie* evidence of a partnership. The defendants excepted to this ruling of the court as error.

1. The question arises did the court err in refusing the instruction as asked? We think not. If the evidence was even insufficient, it was not within the province of the court to decide the question. The existence of the partnership was a question of fact for the determination of the jury, and they alone were authorized to decide upon the weight and sufficiency of the testimony to establish that fact. Had the evidence been in relation to one of the defendants only, it would have been defective in law, for if it did not affect or implicate both of them it would have been no proof of the partnership. In that event the court might have given the instruction as asked, because the evidence would have been insufficient in law. But in this case the evidence extended to both parties, and was therefore legally admitted to the determination of the jury as to its sufficiency in fact, to establish a partnership between them.

2. It is contended that the court erred in giving the instruction that the fact of their having conducted the smelting business together would amount to *prima facie* evidence of the co-partnership. This instruction would have been more consonant with our statute and the practice of our courts if given in more qualified terms, in relation to the fact of their being together in that business. But still the charge does not assume that fact to be proved. It remained an open question to be determined by the jury. The instruction virtually directed them that if they concluded that fact to be established, it would amount to *prima facie* evidence of a partnership. The question then follows, is that a correct conclusion in law? Would such

joint business transactions amount to *prima facie* evidence
of partnership and place the *onus* of disproving it upon
the defendants? Under our statute in order to recover on
a note, executed by an association of individuals, it is only
necessary to adduce proof sufficient to show their partner-
ship name and style. *Rev. Stat.* 454, § 9. This fact is
sufficiently proven by adducing the note to show in what
style they executed it, with the additional proof that at, or
about the time of its execution they were doing business
together as partners. Besides, our statute considers the
signatures to all promissory notes as "*prima facie* evi-
dence of their execution" and the party denying the same
is required to do so under oath. *Rev. Stat.* p. 455, § 10.
In this case the defendants below did not so deny the ex-
ecution of the note, nor did either of them deny being a
party thereto. This state of facts under our statute affords
strong presumption of the existence and style of the co-
partnership, and should not, we think, require as strong
*prima facie* proof as would be necessary in the absence
of such statutory provisions. But upon general principles
it is well settled at this day, that in order to charge part-
ners, strictness of proof of the partnership is not necessary.
Collyer on Partnership § 769. Upon this point Green-
leaf remarks that "the facts being less known to the plain-
tiff, it is sufficient for him to prove that they (the defen-
dants) have acted as partners, and by their habit and
course of dealings, conduct and declarations, they have
induced those with whom they have dealt to consider them
as partners." Greenl. Ev. § 483. Hence, says Collyer,
if it appear that two persons have in many instances
traded jointly that will be *prima facie* evidence of a gen-
eral partnership. Col. on Part. § 769.

In *Forbes* v. *Davidson*, 11 Vt. 660, where the plain-
tiffs proved that they conducted business publicly as part-
ners, it was held to be *prima facie* evidence that they
were such, as well between themselves as to third persons.
If such proof amounts to *prima facie* evidence of a part-
nership in behalf of plaintiffs, in whom more strictness of

proof is required, it must more obviously amount to such evidence in its application to defendants.

Under these authorities and those sections of statute to which we have referred, we think the charge of the court was substantially correct.

But it is contended that in order to attach liability to Price who is not named in the note, there should be some proof to show that it was given for something connected with the business of smelting in which the defendants were jointly engaged. This point is not properly raised upon the record in the case, but as it appears to have been somewhat relied upon by counsel, we will decide upon it.

The fact that the note was given in the name of the firm is of itself presumptive evidence that it was given for a valuable consideration furnished to the co-partnership, and the *onus probandi* lies upon the party seeking to avoid the note, to show that it was given for things not relating to or affecting the partnership. Had the party objected that the note was given in payment of the individual debt of his co-partner, or for money which had never been brought into the partnership business he should have proved the fact. In this case there was no such objection raised, or proof adduced.

Both, in legal and commercial contemplation, the note of a firm is deemed *prima facie* to have been given in the fair and legitimate course of the partnership business. *Doty* v. *Bates*, 11 John. 544. In *Whitaker* v. *Brown*, 16 Wend. 507, the principle is broadly asserted by Chancellor Walworth, that a note given by one partner in the name of the firm, is of itself presumptive evidence of the existence of a partnership debt, as each partner has a general authority to contract liabilities in the transactions of the firm. Thus viewing the points raised in this case we can see no error in the proceedings of the district court.

Judgment affirmed.

*P. Smith*, for plaintiffs in error.

*T. Davis*, for defendant.