HICKMAN et al., Plaintiffs in Error, v. KUNKLE, Defendant in Error.

1. In suits in justices' courts, as well as in suits in the superior courts, the defendant, in order to impose upon the plaintiff the necessity of proving the execution of an instrument sued on, must deny its execution under oath.
2. A promissory note given by one partner in the name of the firm is binding, prima facie, upon all the partners; if the note be given for the individual debt of the partner executing the same, or for an indebtedness created in relation to a matter known to be foreign to the business of the partnership, the partnership is not bound. It devolves upon the partners, in order to escape liability, to show these facts.

Appeal from Hannibal Court of Common Pleas.

Porter and Harrison, for plaintiffs in error.

I. Prima facie the note was binding on the partnership.

The burden of showing a want of authority rests upon the defendant. (Story on Part. § 133.) The execution of the note by Webb in the name of the firm was admitted.

NAPTON, Judge, delivered the opinion of the court.

This action was originally before the recorder of Hannibal, who was acting as a justice of the peace, but it was subsequently tried in the Hannibal court of common pleas. The suit was upon a negotiable promissory note for seventy-one dollars and forty-two cents, executed, in the name of Webb & Kunkle, partners in a livery stable, to the plaintiffs, who dealt in stoves, tin-ware, &c. Upon the trial, the plaintiffs offered to read the note in evidence, but the defendant stated, *ore tenus*, that the note was executed by Webb on his own private account and without the knowledge or consent of defendant, and he objected to reading the note without proof that he (defendant) had assented to the execution of it, or without proof that it was given in a transaction embraced within the scope of the partnership business. No such proof being in the first instance proposed by the plaintiff, the note was excluded and the plaintiff took a nonsuit, and afterwards moved to set aside the same; upon overruling which the case is brought here.

Although our statute, which requires a defendant in the superior courts to deny the execution of an instrument sued on by answer or plea sworn to in order to impose upon the plaintiff the necessity of proving its execution, has never been expressly enacted in reference to proceedings before justices, yet, as early as 1826, the court held that a note or bond sued on and filed before a justice could be read in evidence without proof of its execution unless the defendant would declare, *ore tenus*, that it was not his deed, and would swear to the fact; (Kennerly v. Weed, 1 Mo. 673;) and such is believed to have been the practice ever since.

In relation to the principle or rule upon which the plaintiffs seem to have been nonsuited, the court of common pleas

was also in error. *Prima facie*, a note given by a partner in the name of the firm binds all the parners. If the note be given for a preëxisting debt [of one partner], the partnership is not liable unless the creditor shows that it was expressly or impliedly sanctioned by the firm. The reason for this is, that the very nature of the transaction is such as to show *prima facie* a fraud in the creditor. He can not be ignorant that the debt is an individual one, and if he expects to hold the partnership responsible, he must show facts or circumstances to remove the imputation which the very character of the transaction throws upon him. Upon the same principle and for the same reason, where there is no preëxisting debt, but the creditor takes from an individual partner a note for an indebtedness created in relation to a matter totally foreign to the business of the partnership, the partnership is not bound; for if the transaction be outside of the usual course of the partnership business, that circumstance alone is sufficient to advise the creditor that the liability is an individual and not a partnership debt, or, at all events, to put him on inquiry. But in this class of cases, as the question whether a transaction is outside of the partnership business or not is necessarily a question of fact, and a question which the defendant partners can easily answer by proof, and upon which their knowledge is necessarily more complete than the information of others, in cases of doubt it devolves upon them to show that the debt was contracted in a transaction entirely foreign to their business. *Prima facie* the debt is a partnership debt, as the partnership name is signed; and, although it is signed by one partner in the name of the firm, yet this is a general power he has in relation to affairs properly connected with or growing out of the partnership business, and it will so be presumed to be until the contrary be shown. If, for instance, as in this case, an article of commerce is sold to a member of a partnership, who gives the partnership note therefor, unless the very nature of the trade necessarily indicates that it can have no reference

at all to the business of the partnership, it can not with any propriety be said that the creditor has constructive notice that he is dealing with the partner on his individual account, and the liability of the firm in all these cases depends altogether upon the fact of notice, express or implied.

This matter is clearly explained by Chancellor Kent in a few words: "All partnerships are more or less limited. There is none that embraces, at the same time, every branch of business; and when a person deals with one of the partners in a matter not within the scope of the partnership, the intendment of the law will be, unless there be circumstances or proof in the case to destroy the presumption, that he deals with him on his private account, notwithstanding the partnership name be assumed. The conclusion is otherwise if the subject matter of the contract was consistent with the partnership business; and the defendant would be bound to show that the contract was out of the course of the partnership dealings." (3 Kent, C. § 43.) Whether the subject matter of the contract is consistent with the partnership business is a question of fact, and if it be doubtful, it lies upon the partners to show first how it is. The intendment of law is that the note was given in the regular course of dealing, until the contrary is shown by the defendant. (Doly v. Bates, 11 Johns. 544.)

It is impossible to draw the conclusion in this case, from the mere facts stated in the bill of exceptions, that the purchase for which the note sued on was given necessarily was outside of the business in which the defendant was engaged. A purchase of fifty or a hundred stoves, or a large stock of miscellaneous tin-ware, would no doubt very clearly be outside of the business of livery stable keeping, in which defendant was engaged; but a livery stable might need one or more stoves for heating the offices usually connected with such establishments, and tin-ware might be necessary or useful about the building, for aught that appears. The true character of the transaction is not explained, and it was the

business of the defendant to do so in the first instance, and not of the plaintiffs.

Judgment reversed and remanded; Judge Richardson concurring. Judge Scott absent.